UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
24-10051-JEK

UNITED STATES OF AMERICA

v.

CHRISTOPHER XAVIER BRODEUR

**ORDER ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

May 23, 2024

DEIN, M.J.

On December 14, 2023, the defendant was charged in a criminal complaint with two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). (Docket No. 1).[1] An initial appearance was held on December 14, 2023, defense counsel was appointed,[2] and the Government moved for detention pending trial. A detention hearing was scheduled for December 21, 2023. On that date, the Government filed a Motion for Competency Evaluation pursuant to 18 U.S.C. §§ 4241(a), 4241(b), and 4247(b) and 4247(c), along with supporting exhibits. (Docket No. 12). The Motion was allowed after hearing, and on December 21, 2023 the court issued an Order of Commitment for Competency Evaluation pursuant to 18 U.S.C. §§ 4241(a) and 4247(b). (Docket No. 15). The defendant was designated to the Metropolitan Correctional Center (MCC) Chicago, Illinois, on January 9, 2024, and arrived at the institution on

---

[1] The defendant was indicted on the same charges on February 22, 2024. (Docket No. 18).

[2] Although the defendant acknowledges that Oscar Cruz is his defense counsel, the defendant refers to himself, personally, as lead defense counsel.

January 19, 2024. (See Docket No. 22). Pursuant to 18 U.S.C. § 4247(b) the evaluation was to be completed within 30 days, with the possibility of a 15-day extension "upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." On February 12, 2024, MCC Chicago requested the 15-day extension so that the evaluation could be completed by March 4, 2024, with the report sent to the Court by March 25, 2024. (Docket No. 26). The court allowed the extension.

The evaluation was completed in a timely manner, and the defendant left MCC Chicago on March 5, 2024. (See Forensic Evaluation of May 7, 2024 at 13). He was back in the custody of the U.S. Marshal Service, District of Massachusetts, by no later than March 27, 2024. However, MCC Chicago requested and received several extensions to complete the written report. (See Docket No. 26).

On May 7, 2024, MCC Chicago issued a Forensic Evaluation concluding that the defendant suffers from a mental disease that "impairs his ability to rationally understand the nature and consequences of the proceedings against him, and his ability to meaningfully assist in his own defense." (Docket No. 22 at 26). The Forensic Evaluation was transmitted to the court under cover letter dated May 10, 2024.

A status conference with counsel was held on May 15, 2024, and the parties agreed to a competency hearing on May 23, 2024. (Docket No. 24). A competency hearing was held on May 23, 2024, at which the defendant appeared, with counsel. The Forensic Examination was entered into evidence, under seal, as Exhibit 1. The defendant, through counsel, waived his right to a further hearing, to cross-examine any witnesses, or to present additional evidence. The defendant was given the opportunity to speak and while quite articulate, was unable to

stay focused or to stop his harangue.  Eventually the court had him removed from the courtroom by the Marshals as the defendant was unable to bring his statements to a conclusion.

The defendant contends that his examination was not concluded in a timely manner, and he objects to it having taken place in Chicago.  Pursuant to 18 U.S.C. § 4247(b) "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court."  The court has considered these objections and finds them to be without merit.  While the report may have been delayed, the examination took place within the time allowed by statute and the defendant was not unduly detained at MCC Chicago.  There is no basis for this court to challenge the DOC decision that it was impracticable to have the examination at FCC Devens, Massachusetts.

The court hereby finds, by a preponderance of the evidence, that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  The court bases the finding of incompetency on the Forensic Examination, the arguments of counsel, and the Court's observation of the defendant's demeanor and statements at the hearing.

WHEREFORE, in accordance with 18 U.S.C. § 4241(d), the court hereby commits the defendant to the custody of the Attorney General.  The Attorney General shall hospitalize the defendant for treatment in a suitable facility.  The hospitalization shall be:

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

    (2)    for an additional reasonable period of time until –

        (a)    his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

        (b)    the pending charges against him are disposed of according to law; whichever is earlier.

18 U.S.C. § 4241(d).

The court further orders the Bureau of Prisons to provide a report, within sixty days of entry of this Order, regarding (1) whether a substantial probability exists that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, and (2) if so, an approximation of the anticipated period required to enable the defendant to attain the capacity to permit the proceedings to go forward. It is further ordered that the period of delay resulting from the hospitalization of the defendant for the purposes described above and any subsequent judicial proceedings to determine the defendant's competency shall be excluded from the computation of deadlines under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F).

                                                      / s / Judith Gail Dein
                                                    Judith Gail Dein
                                                    United States Magistrate Judge